NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0350n.06

Case No. 21-2981

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Aug 22, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| $66,369 IN US CURRENCY, | ) | MICHIGAN |
| Defendants in rem, | ) | |
| | ) | |
| DEVENKUMAR C. PATEL; AMEE PATEL; | ) | |
| AMEE VINODBHAI PATEL, | ) | |
| Claimants-Appellants, | ) | O R D E R |
| | ) | |
| ARTHUR JAY WEISS, | ) | |
| Interested Party-Appellee. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; COLE and DONALD, Circuit Judges.

Claimants-appellants, the Patels, agreed to a settlement with the government in an underlying civil forfeiture action. Counsel for the Patels did not file notices of claim on two bank accounts holding approximately $148,000, so the accounts were administratively forfeited. Although the Patels reached an agreement with the government, they could not reach an agreement with their former counsel, Arthur Jay Weiss, who filed a Notice of Attorney Lien in the amount of $31,791.93. After the Patels and Weiss failed to agree to a settlement, the district court—over the Patels' objection—ordered the Patels to release Weiss from all potential liability stemming from

his representation during the case. For the reasons that follow, we remand Paragraph 7, the "Weiss Release," to the district court for further proceedings.

Generally, federal courts may properly exercise ancillary jurisdiction (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function effectively, to manage its proceedings, vindicate its authority, and effectuate its decrees. *See United States v. $1,264,000.00 in U.S. Currency*, 832 F. App'x 367, 370-71 (6th Cir. 2020) (citations omitted). As relevant here, a "federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action." *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997). Although the district court properly resolved the issue of Weiss's attorney lien, the same cannot be said with respect to the Weiss Release.

To give some background to the underlying dispute, we first turn to the civil forfeiture statute, 18 U.S.C. § 983. Generally, upon receipt of a seizure notice, a person filing a claim of interest has a minimum of thirty-five days to file their claim with the appropriate government official. *See* 18 U.S.C. § 983(a)(2)(B). However, if the government files a civil forfeiture complaint in the relevant district court, a person may file a claim of interest in the property no later than thirty days after the date of service of the government's complaint, "or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." *See* 18 U.S.C. § 983(a)(4)(A).

Here, the "DEA executed the [seizure] warrants and sent out notices of seizure letters to all possible claimants[,]" along with instructions about how to file a claim of interest to each seized account. R. 91, PageID 758. The DEA, after the claim filing period ended, referred the seized

accounts to the U.S. Attorney's Office, listing the various accounts that had been claimed pursuant to the claim of interest filing process. [R. 91, PageID 758.] Because no one filed a claim of interest on two accounts, which held approximately $148,000 total, "[t]he referral did not reference the two forfeited accounts." *Id.* Accordingly, because the two accounts were not listed in the DEA referral, the two accounts were not named as defendants *in rem* and were not before the court. *See id.*

By March 2020, there was a complete breakdown in the relationship between the Patels and their attorney, Arthur J. Weiss. Weiss filed both a Motion to Withdraw as counsel, citing a "total lack of communication" with the Patels, and a Notice of Attorney Lien in the amount of $31,791.93. [*See* R.75, PageID 687; R. 76, PageID 691.] Shortly thereafter, the government and the Patels agreed to settlement and submitted a proposed Stipulation and Order for Partial Dismissal of Complaint. Weiss, however, objected to the proposed stipulation "because it did not preserve his notice of lien and did not prevent the distribution of funds which could render his notice a nullity." R. 88, PageID 735; R. 81.

Over the next several months the Patels and Weiss attempted, without success, to reach a settlement resolving Weiss' lien. [*See* R. 92-3, PageID 801; 93-1, PageID 811-12.] Although Weiss sought a release of liability throughout negotiations with the Patels, Mr. Patel expressly refused to "sign releases." R. 92-3, PageID 801. Unable to come to an agreement, the parties opted to allow the district court to "make [its] ruling and go from there." R. 92-3, PageID 801.

On December 30, 2020, the district court held a telephone conference, one which was neither recorded nor transcribed. The following day, the district court entered the Order that forms the basis of this appeal. The Order provides, in relevant part:

3. Mr. Abdrabboh must first satisfy [] Weiss's lien in the full amount of $31,793.93 before disbursing funds to the Patels and/or related entities.

4. Any Stipulation for Dismissal must acknowledge the Memorandum of Understanding ("MOU") entered into between the parties and the two accounts which the Patels claim the DEA forfeited on which no notice of claim was filed by [] Weiss when he served as their attorney.

5. [] Weiss must serve as a legal and fact witness and provide information to Ms. Beck, explaining why no claims were filed on the two accounts addressed in the MOU. [] Weiss must do this at no cost to the Patels.

6. Once [] Weiss meets with Ms. Beck, they must provide a Joint Statement to Mr. Abdrabboh which contains all of the information and documents he provided to Ms. Beck.

7. Over the objection of Mr. Abdrabboh, upon receipt of the Joint Statement, the Patels and related entities must provide a full and complete release of liability to [] Weiss for the services he rendered them in this litigation.

R. 88, PageID 736-37.

On February 14, 2021, the Patels filed a Rule 60(b) motion for relief from the Order, contending they lacked notice the district court "was even contemplating a release and without [] Weiss even filing a motion[,]" and that the release is invalid under Michigan law. R. 90, PageID 749. Further, the Patels added that there was an ongoing dispute about whether Weiss had the authority to act on the two forfeited accounts. [R. 90, PageID 751.] The Patels "didn't agree nor would they ever agree to" provide a release "unless or until" the question of how or why the two accounts were forfeited was resolved.[1] R. 90, PageID 751. Following the parties' briefing on the matter, the district court denied the Patels' motion, *see* R. 98, and on August 27, 2021, the district

---

[1] The government filed a response to the Patels' Rule 60 motion, "acknowledg[ing] the legal support for [the Patels]' motion as well as their recitation of the facts." R. 91, PageID 757. Notably, the government explained that "the defendants in rem are the only assets before the [c]ourt[,]" not the two forfeited accounts, which had long since been forfeited administratively. *Id.* at 758-59. Despite the difficulties presented by the lien, the Weiss Release, and the two administratively forfeited accounts, the government noted that "resolution of the case on the merits should be the priority." *Id.* at 760.

court entered a Stipulation and Order regarding the disbursement of funds and closed the case, *see* R. 101. [R. 98.]

On appeal, the Patels argue that the district court did not have the authority to declare a release of liability over their objection because "[t]here was no professional liability claim before the court to adjudicate." Appellant br. at 11. The Patels maintain that Weiss was authorized to file notices of claim in the forfeiture action and explain that the compelled release will foreclose any path to filing a legal malpractice or professional responsibility claim, which was not even guaranteed because there had not yet been complete review of the events surrounding the forfeitures. While Weiss disagrees and maintains that he was not authorized to file claims of interest on the seized property, he focuses largely on the issue of whether the Patels made the showing required to obtain relief under Rule 60(b)(1).

On a fundamental level, "on due process grounds, no judge can compel a settlement prior to trial on terms which one or both parties find completely unacceptable." *In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974). This principle applies with even greater force where the district court is exercising ancillary jurisdiction over an attorney-client dispute. Further, as here, "where the record is not sufficient to allow the reviewing court to address the ultimate question," "remand is appropriate." *Kovacevich v. Kent St. Univ.*, 224 F.3d 806, 826 (6th Cir. 2000).

After oral argument and a review of the record, it is clear that the record is insufficient for this Court to determine whether the district court properly ordered the Weiss Release. First, the December 30, 2020 Telephone Conference was neither recorded nor transcribed. Not only are we without a record of the relevant proceedings in the district court, but the factual record regarding the forfeited accounts is similarly sparse. Further, the Order cites no authority for ordering the Weiss Release, and instead relies vaguely on the goal of reaching a global resolution to the dispute.

[*See* R. 88; R. 98, PageID 894.]  Finally, the record makes clear that the Patels found the idea of releasing Weiss from liability stemming from the forfeited accounts "completely objectionable." Despite the lack of a trial or even discovery here, the district court ordered the Patels to issue Weiss a complete release of liability over their express objection.

Because the district court ordered the Weiss Release without a trial and because the record is insufficient to allow for a meaningful review, we remand only Paragraph 7 of the Order, the Weiss Release, to the district court for further proceedings.  On remand, we invite the district court to conduct evidentiary hearings or other proceedings it determines necessary to develop the record on the issue of the two forfeited accounts.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk